UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | LA CV18-07262 JAK (ASx) | Date | August 24, 2018 |
| Title | Alan & Janet Block Family Ltd. Partnership v. Serena Seulki Bae, et al. | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|
| Andrea Keifer | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) ORDER RE PLAINTIFF'S EX PARTE APPLICATION FOR REMAND (DKT. 6)  JS-6

## I. Background

On June 1, 2018, the Alan & Janet Block Family Ltd. Partnership ("Plaintiff") filed an unlawful detainer action against Serena Seulki Bae, Jae Ik Bae, Sool O Bang, Inc., and Does 1-10 ("Defendants") in the Los Angeles Superior Court. *See* Complaint ("Complaint"), Dkt. 1 at 7-9. On August 17, 2018, Defendants filed a Notice of Removal (the "Notice of Removal"). Dkt. 1 at 1-3. On August 22, 2018, Plaintiffs filed an *Ex Parte* Application for Remand (the "Application for Remand"). Dkt. 6. Plaintiffs contend that remand is required because there is no federal jurisdiction over the claims advanced in this matter. Dkt. 6.

The Notice of Removal relies on federal question jurisdiction, alleging in relevant part that:

> 6. The complaint for Unlawful Detainer is subject to strict notice requirements.
> 7. Defendant filed his Demurrer to the complaint based on a defective notice, i.e., the Notice to Pay Rent or Quit, failed to comply with The Protecting Tenants at Foreclosure Act [ 12 U.S.C. §5220].
> 8. Federal question exists because Defendant's Answer, a pleading that depends on the determination of Defendant's rights and Plaintiff's duties under federal law. Wherefore, Serena Seulki Bae respectfully remove this action from the California Superior Court for the Los Angeles, this Court pursuant to 28 United States Code Sections 1331 and 1441.

Notice of Removal, Dkt. 1 at 2-3.

Because there is no basis for federal jurisdiction with respect to the claims presented in this action, the Application for Remand is **GRANTED**. This action is **REMANDED** to the Superior Court for the County of Los Angeles at its Stanley Mosk Courthouse.

## II. Discussion

Federal courts are ones of limited jurisdiction, and have subject matter jurisdiction only over matters authorized by the Constitution and federal statutes. *See, e.g., Kokkonen v. Guardian Life Ins. Co.*, 511

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV18-07262 JAK (ASx) | Date | August 24, 2018 |
|---|---|---|---|
| Title | Alan & Janet Block Family Ltd. Partnership v. Serena Seulki Bae, et al. | | |

U.S. 375, 377 (1994). A district court is required to consider whether there is subject matter jurisdiction in an action. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). A failure to do so could result in the entry of orders in action that are void. For similar reasons, a district court may remand a case summarily if the absence of subject matter jurisdiction is apparent and clear. *Cf. Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) ("While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits, it is not so when the dismissal is for lack of subject matter jurisdiction.") (internal citations omitted). A party who seeks to remove an action bears the burden of establishing federal jurisdiction. *See Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986).

Defendants have alleged that there is subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441. Notice of Removal at 2-3. Section 1441 provides, in relevant part, that a defendant may remove a civil action over which the federal court has original jurisdiction. 28 U.S.C. § 1441(a). Section 1331 provides that federal "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Review of the Notice of Removal and attached Complaint shows that there is no federal question subject matter jurisdiction over the unlawful detainer claim under 28 U.S.C. § 1331. The Complaint only alleges a standard and routine action for unlawful detainer. That claim to the right to possession of real property arises under California law. *See Wescom Credit Union v. Dudley*, No. CV 10-8203 GAF (SSx), 2010 WL 4916578, at *2 (C. D. Cal. Nov. 22, 2010) ("An unlawful detainer action does not arise under federal law.") (citation omitted); *IndyMac Federal Bank, F.S.B. v. Ocampo*, No. EDCV 09-2337-PA (DTBx), 2010 WL 234828, at *2 (C.D. Cal. Jan. 13, 2010) (remanding unlawful detainer claim action for lack of subject matter jurisdiction).

To the extent Defendants seek to invoke federal question jurisdiction based on the affirmative defenses they may seek to advance, the outcome will not change. An affirmative defense cannot provide a basis for federal question jurisdiction. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) ("[I]t is now settled law that a case may *not* be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue.").

Because Plaintiff's complaint does not present a federal question, the Court lacks jurisdiction under 28 U.S.C. § 1331.[1]

### III. <u>Conclusion</u>

Because the Notice of Removal fails to provide a basis for federal jurisdiction, the Application for Remand is **GRANTED.** It is hereby ordered that this case shall be **REMANDED** to the Superior Court for the County of Los Angeles at its Stanley Mosk Courthouse (Case No. BC708339).

---

[1] The Notice of Removal also states that this matter "could have been filed in this Court pursuant to 28 U.S.C. § 1441(a) and/or (b)." To the extent the citation to 28 U.S.C. § 1441(b) is construed as a reference to diversity jurisdiction under 28 U.S.C. § 1332, the Notice of Removal makes no statements as to the citizenship of each party. Indeed, the section of the Civil Cover Sheet that calls for such information when a party asserts diversity jurisdiction was left blank.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV18-07262 JAK (ASx) | | Date | August 24, 2018 |
|---|---|---|---|---|
| Title | Alan & Janet Block Family Ltd. Partnership v. Serena Seulki Bae, et al. | | | |

Plaintiff shall give telephonic notice of this Order to Defendants immediately and file a proof of service in this case on or before August 27, 2018.

**IT IS SO ORDERED.**

|  | : |  |
|---|---|---|
| Initials of Preparer | ak | |